MERRITT, Circuit Judge,
concurring in part and dissenting in part.
The opinions of my colleagues create a direct conflict with the Third Circuit in San Filippo v. Bongiovanni, 30 F.3d 424 (3rd Cir.1995), and misinterpret the elements of a cause of action for the violation of the right of petition clause.
I disagree only with Section I.A. of Judge Engel’s opinion which imports into right of petition cases the “public concern” test used in public employee, free speech cases. The right “to petition Government for a redress of grievances” is the last in the list of rights granted in the First Amendment; it was a concept separate from free speech in the minds of the authors of the Bill of Rights.
Plaintiffs have made out a violation of the right of petition clause of the First Amendment. I would follow Judge Louis Pollack’s sensible analysis of the right of petition in San Filippo v. Bongiovanni, 30 F.3d 424, 442-43 (3rd Cir.1994), the crux of which is well-stated at page 442:
But when government — federal or state— formally adopts a mechanism for redress of those grievances for which government is allegedly accountable, it would seem to undermine the Constitution’s vital purposes to hold that one who in good faith flies an arguable meritorious ‘petition’ invoking that mechanism may be disciplined for sueh invocation by the very government that in compliance with the petition clause has given the particular mechanism its constitutional imprimatur.
The basis of my dissent on this point is that this is not a free speech case, and neither was the unemployment compensation case giving rise to the retaliatory discharge. Petitioning a court for redress should not be treated as an exercise in speech. Filing an unemployment compensation action, like hiring a lawyer, eating dinner before making a speech or driving a car or catching a plane to a meeting, is related to speech only marginally. It makes little sense to burden right of petition cases automatically with doctrines from the Speech Clause or the Establishment Clause or the Free Exercise Clause of the First Amendment.
Our ease is a “pure petition” case in which the plaintiffs have successfully invoked a statutory right given by the state to public employees. I would follow the reasoning of San Filippo. See Shea, San Filippo v. Bongiovanni: The Public Concern Criteria and the Scope of the Modern Petition Right, 48 Vand. L.Rev. 1697 (1995). The petition clause should not be interpreted to permit retaliation for filing a legitimate unemployment compensation case anymore than it permits retaliation against individuals making legitimate claims for racial, gender or religious discrimination. We do not import the “public concern” test into due process, equal protection or other constitutional claims. Why do so here? I would therefore reverse the grant of summary judgment to defendants on the First Amendment right of petition theory and require that the case be tried on the merits.
I do not understand my brother Ryan’s point. He is certainly right that unemployment compensation is not a federal constitutional right, but no one argues that it is. He is certainly wrong if he is saying a state may punish a citizen for successfully petitioning a governmental agency to gain a benefit (here unemployment compensation) to which he is entitled. The right of petition clause prevents the state from jailing or otherwise punishing vindictively a citizen for applying for welfare benefits or other social services to which he is entitled. The constitutional wrong here is the act of retribution (i.e. discharging the plaintiffs) for successfully seeking benefits. Such an act makes ineffective a citizen’s right to seek government aid by requesting legitimate official or administrative relief and undermines the right “to petition for a redress of grievances.”